58 CCPA

**JAMES C. GOFF COMPANY, Foreston Coal Co. of Mass., Appellants,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5403.**

United States Court of Customs and Patent Appeals.

May 6, 1971.

---

Felix C. Lourie, New York City, attorney of record, for appellants.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Frederick L. Ikenson, New York City, for United States.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and JONES, Judge, United States Court of Claims, sitting by designation.

LANE, Judge.

This appeal is from the decision and judgment of the First Division, Appellate Term of the Customs Court, 64 Cust.Ct. 798, A.R.D. 267 (1970), which affirmed the trial judge's decision 290 F.Supp. 769 that the foreign market value of certain imported gray Portland cement was correctly determined by the appraiser. We affirm.

The merchandise in question is described as Gullhögens Standard Portland Cement, type I, ASTM C–150–55, and Gullhögens Rapid Hardening Cement, type III, ASTM C–150–55. Both were imported from Sweden. It is undisputed that the goods were subject to special dumping duty provided for in section 202 of the Antidumping Act, 19 U.S.C. § 161. The sole issue before us is the correctness of the appraisers' determination of adjusted foreign market value under that section. Specifically, appellants contend that they were entitled to an allowance under 19 U.S.C. § 161(b) (2) larger than that found by the appraisers.

Paragraph (b) of 19 U.S.C. § 161 provides in part:

In determining the foreign market value for the purposes of subsection (a) of this section, if it is established to the satisfaction of the Secretary or his delegate that the amount of any difference between the purchase price and the foreign market value (or that the fact that the purchase price is the same as the foreign market value) is wholly or partly due to—

(1) the fact that the wholesale quantities, in which such or similar merchandise is sold, or, in the absence of sales, offered for sale for exportation to the United States in the ordinary course of trade, are less or are greater than the wholesale quantities in which such or similar merchandise is sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation in the ordinary course of trade for home consumption (or, if not so sold or offered for sale for home consumption, then for exportation to countries other than the United States),

(2) other differences in circumstances of sale,

\* \* \* \* \* \*

then due allowance shall be made therefor.

Appellants contend that the appraisers should have allowed a larger adjustment than they did for "other differences in circumstances of sale." The appraisers allowed adjustments to foreign market

value to account for a cash discount of 2 percent and a quantity discount of 5 percent. Appellants seek further allowances for items of expenses incurred in home market sales which allegedly are not present in sales to the United States.

Appellants urge that expenses such as the cost of operations, maintenance and depreciation of the company's silos, administrative selling and advertising costs, and transportation expenses, were higher per metric ton of cement sold in the home market than per metric ton sold to the United States.

Recognizing that the appraisers' determinations are entitled to a presumption of correctness, appellants sought to prove entitlement to the above allowances by introducing two affidavits of the sales manager of Gullhögens, the company which manufactured and sold the imported cement. A complete summary of the contents of those affidavits is set forth in the opinion of the Appellate Term and we need not repeat it here.

Both the trial judge and the Appellate Term found that the affiant was "not properly qualified" to testify on matters of cost. We do not take this to mean that his testimony was inadmissible under the opinion rule, but that it was of insufficient weight to rebut the presumption of correctness of the appraisers' determinations. As so viewed, we agree with the holding of the Customs Court. The affiant states that he is sales manager of Gullhögens, responsible for both domestic and foreign sales of cement of the types involved here, and that his duties require "seeing and approving all offers for sale and sales of said cement." No other qualifications are stated.

We fail to see how the affiant's stated duties as sales manager make him a credible witness on cost matters. Moreover, we note that few of the allegations in either affidavit are directed to cost items, most of them pertaining to sales information. Of the cost items, the allegations are in conclu-

sory terms, e. g., "the cost of operation, maintenance and depreciation of the silos during 1959 was Sw. Crs 17:85 per metric ton." The appended documentation appears to be relevant only to sales, not to costs.

In view of this meager record, we cannot say that the findings of the Customs Court were clearly contrary to the weight of the evidence. Accordingly, the judgment is affirmed.

*Affirmed.*